DeadeisioK, ,0h. J.,
delivered the opinion of the court:
This is an action of trespass, and the object of the suit is to determine plaintiffs right to a certain gravel bank in Cumberland river.
Verdict and judgment were rendered against him in the court below, and he has appealed to this court.
The circuit judge charged the jury correctly as to the character of possession by plaintiff, and what constituted a trespass upon said possession, giving plaintiff a right of action.
But it insisted that: his charge was erroneous in saying to the jury that “ordinary low water mark is some intermediate point between high water mark and extreme low water mark, which you are to ascertain from all the facts in the case.”
The objection taken to this charge is two-fold. First, it leaves the jury to determine what is meant by ordinary low water mark; and, secondly, lays down an uncertain illusory, and erroneous rule to guide them in their conclusions.
This court has held in several cases, that owners of land on navigable streams have title to ordinary low water mark, when their title papers call for the bank, unless a line is run and marked upon the bank. [Martin v. Nance], *203 3 Head, 649; [Stuart v. Clark], 2 Swan, 1; [Elder v. Burrus], 6 Hum., 358.
"Whether, under these rales, plaintiff has title to the “gravel bank” in question, depends upon the fact of the “gravel bank” being above or under ordinary low water mark, and whether the conveyance he claims under includes the bank, as well as whether any conveyance by him divested him of title thereto.
Although it is difficult to define with precision what is “ordinary low water mark,” yet it is a question of law, and for all practical purposes, may be defined with sufficient accuracy to be the usual and common or ordinary stage of the river, when the volume of water is not increased by rains or freshets, occasioned by melted snow on the one hand, or diminished below such usual stage or volume, by long continued drouth, to extreme low water mark.
With this definition, which will be readily comprehended and understood by those who have been accustomed to observe the river in its ordinary stage and in its fluctuations, we may form an approximately accurate idea of what is “ordinary low water mark,” as contradistinguished from “high water mark”’ on the one hand, and “extreme low water mark” on the other. ■
The charge of the court was, therefore, too indefinite, and was calculated to mislead the jury; and erroneous in leaving it to them to decide what constituted “ordinary low water mark.”
Eor this error the judgment must be reversed.